JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECARD POOLS, INC., a California Corporation; JOE SECARD, an individual; and EDMOND SECARD, an individual,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>KINSALE INSURANCE COMPANY, an Arkansas Corporation; DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No.: 5:16CV02404-JFW (SPx)<br><br>[Assigned for All Purposes to the Hon. John F. Walter, 1st St. Ctrm 7A]<br><br>**JUDGMENT** |

On February 21, 2017, defendant Kinsale Insurance Company ("KINSALE") filed its Motion for Summary Judgment (Dkt. # 25). Plaintiffs Secard Pools, Inc., Joe Secard, and Edmond Secard (the "SECARD PARTIES") timely filed an Opposition on March 6, 2017 (Dkt. # 38). On March 13, 2017, KINSALE filed its Reply (Dkt. # 40). The SECARD PARTIES also filed a Cross-motion for Partial

/ / /

Summary Judgment (Dkt. # 30), to which KINSALE filed Opposition (Dkt. # 32) and the SECARD PARTIES filed a Reply (Dkt. # 43).

On March 23, 2017, pursuant to Fed.R.Civ.P. 78 and Local Rule 7-15, the Court determined that KINSALE's Motion for Summary Judgment and the SECARD PARTIES' Cross-motion for Partial Summary Judgment were appropriate for decision without oral argument and vacated the hearing set for March 27, 2017. (Dkt. # 48). On March 28, 2017, the Court issued an Order GRANTING KINSALE's Motion and DENYING the SECARD PARTIES' Motion as moot (Dkt. # 51) and issued its Statement of Decision specifying the reasons for said Order. (Dkt. # 52).

NOW THEREFORE, having considered KINSALE's moving papers, the Opposition filed by the SECARD PARTIES, the Reply filed by KINSALE, and the evidence presented having been fully considered, the issues having been duly heard and a decision having been duly rendered,

IT IS ORDERED AND ADJUDGED as follows:

**A.   The following material facts are established**:

1. On November 21, 2014, Solar Sun Rings ("SSR"), a competitor of Secard Pools, Inc. ("SECARD POOLS"), filed an action in the Central District of California entitled *Solar Sun Rings, Inc. v. Secard Pools et al.*, USDC Central District of Cal. Case No. 5:14-cv-02417 (the "*SSR* Action").

2. In the *SSR* Action, SSR alleged that Secard Pools used the name "Solar Heat Squares" which allegedly was an imitation of SSR's trademarks "Solar Sun Rings" and "Solar Sun Squares."

3. In the *SSR* Action, SSR alleged that the Secard Pool products included a sticker bearing the name "Solar Heat Squares." Those stickers would dissolve if submerged into water, revealing the name "Solar Sun Squares" on the product.

4. In the *SSR* Action, SSR alleged that the disclaimer on the Solar Heat Squares product included a reference to the Solar Sun Squares trademark.

5. In the *SSR* Action, SSR alleged that Secard Pools used a color scheme and style of printing like SSR's.

6. In the *SSR* Action, SSR alleged that Secard Pools actively and knowingly engaged in the manufacture, distribution, promotion, and sale of products that copied SSR's products and "unscrupulously usurped SSR's trademark and trade dress for their own benefit."

7. In the *SSR* Action, SSR alleged that Secard Pools "intentionally adopted the Solar Heat Squares infringing mark in order to trade on and infringe SSR's Solar Sun Rings and Solar Sun Squares trademarks . . . ."

8. In the *SSR* Action, SSR alleged that Secard Pools "intentionally adopted" an identical set and sequence of colors as SSR's Color Scheme to trade on and infringe SSR's trade dress.

9. In the *SSR* Action, SSR alleged that Secard Pools ignored SSR's cease and desist letters and continued to manufacture, distribute and offer for sale and sell infringing products.

10. In the *SSR* Action, SSR alleged that use of the Solar Heat Squares mark and the color scheme was "in bad faith, and with the intent to cause confusion."

11. In the *SSR* Action, SSR alleged that adoption of the mark and color scheme was "not accidental or innocent," but instead was done with a purpose to deceive the consuming public and others.

12. In the *SSR* Action, SSR alleged that Secard Pools acted "wilfully and in bad faith."

13. The First Claim for Relief in the *SSR* Action was for Federal Trademark Infringement [15 U.S.C. § 1114(1); Lanham Act § 32(a)].

14. The Second Claim for Relief in the *SSR* Action was for Federal Trade Dress Infringement [15 U.S.C. § 1125(a); Lanham Act § 43(a)].

15. The Third Claim for Relief in the *SSR* Action was for False Designation of Origin / False Advertising / Unfair Competition [15 U.S.C. § 1125(1)(1)(A); Lanham Act § 43(c)].

16. The Fourth Claim for Relief in the *SSR* Action was for Federal Trademark Dilution [15 U.S.C. § 1125(c); Lanham Act § 43(a)].

17. The Fifth Claim for Relief in the *SSR* Action was for Trademark Infringement and Unfair Competition (Common Law and California State Law).

18. The Sixth Claim for Relief in the *SSR* Action was for Unfair Business Practices (California Business & Professions Code § 17200).

19. Plaintiffs in the *SSR* Action alleged, among other things, "This action is brought to obtain equitable and legal relief for Defendants' infringement of Plaintiff's registered trademark, and Defendants' infringement of Plaintiff's common law trademark and trade dress."

20. KINSALE issued Commercial General Liability Insurance Policy No. 0100022495-0 to Secard Pools, effective August 28, 2014 to August 28, 2015 (the "KINSALE POLICY").

21. The SECARD PARTIES have not challenged KINSALE's conclusion that coverage for the Claims in the *SSR* Action would have existed, if at all, only under Coverage B.

22. Pursuant to the Insuring Agreement for Coverage B, KINSALE promised to "pay those sums that the insured is legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies."

23. The KINSALE POLICY provides "we will have the right and duty to defend the insured against any "suit" seeking [damages for "Personal and

advertising injury"]. However, we will have no duty to defend the Insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply."

24. The KINSALE POLICY partially defines "Personal and Advertising Injury" as follows:

"14. 'Personal and advertising injury' means injury, including consequential 'bodily injury', arising out of one or more of the following offenses:

    f.   the use of another's advertising idea in your 'advertisement'; or

    g.   infringing upon another's copyright, trade dress or slogan in your 'advertisement.'"

25. The KINSALE POLICY defines the term "Advertisement" as:

"'Advertisement' means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    a.   Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b.   Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement."

26. Exclusion *i* in Form CG 002 1001 precludes coverage for "''Personal and advertising injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. However, this exclusion does not apply to infringement, in your 'advertisement,' of copyright, trade dress or slogan."

27. The KINSALE POLICY contains an endorsed exclusion entitled "EXCLUSION – INTELLECTUAL PROPERTY" (the "IP Exclusion")

which replaces Exclusion i found in the main Policy form of the KINSALE POLICY.

28. The IP Exclusion provides:

"This insurance does not apply to any claim or 'suit' arising out of any:

1. actual or alleged infringement of copyright, patent, trademark, service mark, right of publicity, slogan, trade dress, trade secret or other intellectual property rights;

2. actual or alleged false advertising, false designation of origin, product disparagement, trade libel, or other Claims for Relief arising out of unfair competition; or

3. products or goods manufactured, sold, handled or distributed or work completed by the insured or others operating under the direction or control of the insured in violation of any law, statute or ordinance of any federal, state or municipal government, or any agencies thereof, including violations of the Lanham Act or other unfair competition statutes."

29. On December 1, 2014 the SECARD PARTIES tendered the defense of the *SSR* Action to KINSALE in writing.

30. On December 4, 2014, KINSALE informed the SECARD PARTIES in writing that it was disclaiming coverage for the *SSR* Action.

31. KINSALE's disclaimer letter stated, among other things, that:

(a) The SSR Action did not allege claims for "Bodily injury or Property damage" within Coverage A;

(b) Under Coverage B, Exclusions a. (Knowing Violation of Rights of Another), i. (Infringement of Copyright, Patent, Trademark or Trade Secret) and l. (Unauthorized Use of Another's Name or Product) applied to limit or exclude coverage for the SSR Action; and

  (c) "All of the allegations in the Plaintiff's complaint arise out of alleged trademark violations, false advertising, violation of the Lanham Act, and unfair business practices. Therefore, there would be no coverage under the Policy for this complaint based on [the endorsed Exclusion - Intellectual Property]."

32. The *SSR* Action alleges that

 "157.   Defendants' unauthorized promotion and sale in interstate commerce of passive pool and spa heating products that are identified by the Color Scheme, in conjunction with confusingly similar trademarks (e.g., Defendants' SOLAR HEAT SQUARES versus SSR'S SOLAR SUN RINGS and SOLAR SUN SQUARES), trade dress, and/or trade name constitutes a false designation of origin and/or a false representation of fact, in that it is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers and potential customers and the public as to the source and sponsorship of Defendants' goods."

**B.** **The Following Conclusions of Law are Applicable and Established:**

33. All of the factual allegations and Claims for Relief alleged in the *SSR* Action fall within the IP Exclusion contained in the KINSALE POLICY.

34. The plain meaning of the IP Exclusion contained in the KINSALE POLICY precludes coverage for the *SSR* Action as a matter of law.

35. Based on the information available to KINSALE at the time of tender of the *SSR* Action, including the allegations of the Complaint therein, KINSALE had no duty to defend the SECARD PARTIES against the *SSR* Action and has no obligation to pay the attorney's fees and costs incurred by the SECARD PARTIES in defense of the *SSR* Action.

36. Applying the IP Exclusion to the facts of the *SSR* Action, KINSALE has no duty to indemnify the SECARD PARTIES for any amounts they paid in settlement of the *SSR* Action.

37. KINSALE did not breach the terms, conditions, exclusions and endorsements of the KINSALE POLICY when it declined to defend the *SSR* Action.

38. The lack of KINSALE's breach of the KINSALE POLICY precludes the SECARD PARTIES' First Claim for Relief for Breach of the Implied Covenant of Good Faith and Fair Dealing as a matter of law.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Kinsale Insurance Company is entitled to Judgment in its favor on all Claims for Relief of the First Amended Complaint herein, that the plaintiffs Secard Pools, Inc., Joe Secard and Edmond Secard take nothing by said First Amended Complaint, that this action be dismissed on the merits and that defendant Kinsale Insurance Company shall recover its costs.

DATED: April 3, 2017

_____
UNITED STATES DISTRICT JUDGE