FILED

**NOT FOR PUBLICATION**

JUL 26 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SECARD POOLS INC, a California Corporation; JOE SECARD; EDMOND SECARD,<br><br>           Plaintiffs-Appellants,<br><br> v.<br><br>KINSALE INSURANCE COMPANY, an Arkansas Corporation,<br><br>           Defendant-Appellee. | No.  17-55534<br><br>D.C. No.<br>5:16-cv-02404-JFW-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted July 9, 2018
Pasadena, California

Before: PAEZ, FISHER,[**] and CHRISTEN, Circuit Judges.

Plaintiffs appeal an order entering summary judgment in favor of defendant Kinsale Insurance Company. We have jurisdiction under 28 U.S.C. § 1291, and

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

we affirm.

1. Kinsale did not breach its insurance contract with Plaintiffs because the insurance policy's IP Exclusion unambiguously excludes all the claims in the SSR action from any potential for coverage.

With respect to SSR's allegations of misleading advertising, those allegations did not trigger Kinsale's duty to defend under the circumstances. Prong three of the IP Exclusion expressly excludes from coverage any claim "arising out of any . . . products or goods manufactured, sold, handled or distributed or work completed by the Insured . . . in violation of any law . . . including violations of the Lanham Act or other unfair competition statutes." SSR did not allege any misleading advertising by Plaintiffs separate and apart from representations that appeared on the Secard Pools products themselves, and at oral argument in this case Plaintiffs could not identify any such allegations in the underlying action. On these facts, the IP Exclusion removed any potential for coverage.

2. Because Kinsale did not breach the insurance agreement, plaintiffs' claim for breach of the implied covenant of good faith and fair dealing also fails as a matter of law. *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 639 (Cal. 1995) (concluding that in the absence of an "obligation to defend or indemnify . . . [the insurer] did not breach the implied covenant of good faith and fair dealing").

**AFFIRMED.**